IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **Criminal No.: RDB-10-078** |
| **ROBERT JONES** | * | |

...oOo...

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S OMNIBUS PRE-TRIAL MOTIONS

The United States of America, by and through its attorneys, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Christine Celeste, Special Assistant United States Attorney for said District, submits this Opposition to Defendant's Omnibus Pre-trial Motions. The Government notes that Defendant filed a form motion with no specific legal or factual arguments as to the seizures in Mr. Jones' case.

### I. STATEMENT OF FACTS

On November 10, 2009 at 10:30 a.m., Detective Faller in a covert location observing the intersection of the 2000 block of Guilford Avenue and the 300 block of 20 ½ Street. Sgt. Burrus was also making observations in the area. While making observations, Detective Faller observed several individuals entering the rear of the 2000 block of Guildford Avenue via an alley. The individuals walked to the rear yard of 2033 Guilford Avenue, which was a vacant dwelling, and sat on the steps. Defendant exited 2031 Guilford Avenue, approached the individuals sitting on the steps and engaged with them in a conversation. The unknown individuals then handed the Defendant currency and the Defendant walked to a vacant dwelling at 320 East 20 ½ Street, which had a large ivy plant growing on the rear wall. Sgt. Burrus was able to observe the Defendant from his location. The Defendant walked to the ivy plant, removed a plastic bag from behind it, and

removed small objects which were suspected to be controlled dangerous substances from the bag. The Defendant then placed the bag back into the ivy plant and returned to the individuals who had given him currency. The Defendant handed those individuals the items he had retrieved. Sgt. Burrus left his covert location to gather an arrest team. Sgt. Burrus, Detective Johnson and Detective Coleman responded to the corner of 21st Street and Guilford Avenue where they arrested the Defendant. Detective Faller responded to the wall of 320 East 20 ½ Street and recovered a plastic bag containing two gelatin capsules of heroin, a plastic bag containing 3 black top vials of cocaine, and a plastic bag containing 11 black top vials of cocaine from behind the ivy where the Defendant was seen going. A search of the Defendant incident to his arrest produced $106. Detectives then responded to 2031 Guilford Avenue and spoke to Jean Taylor. Ms. Taylor stated that the Defendant had been at the residence delivering cosmetics. Ms. Taylor consented to a search of the residence. Nothing of evidentiary value was recovered.

## II. ARGUMENT

**A.     Defendant lacks standing to challenge the recovery of the narcotics**

A defendant's right to challenge a search depends on his showing that governmental officials violated some legitimate expectation of privacy he held in the premises searched; that is, that his fourth amendment rights have in fact been violated. *Rawlings v. Kentucky*, 439 U.S.128 (1978); and *United States v. Hawkins*, 788 F.2d 200, 203 (4th Cir.1986) (defendant who did not reside in home had no expectation of privacy in residence or its contents).

Unless a defendant can show that the search and seizure violated his own personal fourth amendment rights to a legitimate expectation of privacy, he may not challenge the reasonableness of that search and seizure. Relevant factors used to determine the existence of a legitimate

expectation of privacy include a defendant's presence in the area searched, possession or ownership of the place searched or items seized, prior use of the area searched or property seized, the ability to control or exclude other's use of the property, and a subjective expectation of privacy. *Rakas v. Illinois*, 439 U.S. 128, 143 (1978).

Because establishing standing requires a violation of rights that are personal to the Defendant, the Defendant cannot establish standing to challenge the search of his stash location, which was a vacant dwelling. See *United States v. Jackson*, 585 F.2d 653, 658 (1978)(holding that "when [the defendant] placed [the challenged evidence] in an empty room in the vacant house in which he had concededly neither a proprietary nor a possessory interest, he had no more expectation of privacy than if he had placed the [items] 'in plain view in a public place,' and thus had no basis for objecting to the seizure.")(internal citations omitted). In the present case, the Defendant lacks standing to challenge the recovery of any items other than the currency seized from his person. As more fully discussed below, the currency was lawfully seized during a search incident to the Defendant's arrest.

**B.     Based on the totality of the circumstances there was probable cause to arrest the Defendant and the seizure of currency from his was pursuant to a lawful search incident to his arrest.**

A warrantless arrest requires that the arresting officers possess probable cause that the person has committed or is committing a felony offense. *United States v. Watson*, 423 U.S. 411, 422 (1976). The determination of whether probable cause exists is based upon the totality of the circumstances known to the officers at the time of arrest. *Illinois v. Gates,* 462 U.S. 213, 230-31 (1983). In order to effectuate an arrest, there must be "facts and circumstances within the officer's knowledge [which] would warrant the belief of a prudent person that the arrestee had committed or

was committing an offense." *United States v. Manbeck,* 744 F.2d 360, 376 (4th Cir. 1984). Following a lawful arrest, an officer then has the right to search the individual, as a search incident to arrest is a well established exception to the Fourth Amendment's warrant requirement. *Michigan v. DeFillippo,* 443 U.S. 31, 35 (1979).

In the present case, the Defendant was observed engaging in hand-to-hand drug transactions with several individuals. Based on the nature of the detectives' observations, along with reasonable inferences that can be drawn therefrom, under the totality of the circumstances, there was probable cause to arrest the defendant. See *United States v. Al-Talib*, 55 F.3d 923, 931 (4th Cir. 1995) (ruling that police surveillance will support a finding of probable cause where officers observe conduct that is consistent with a drug transaction); see also *United States v. Jones*, 204 F.3d 541, 543 (4th Cir. 2000)(holding that officers had probable cause to arrest the defendant before he entered his grandmother's home where (1) they observed the defendant take part in an apparent drug transaction in a high drug area; (2) when the defendant observed the police, he began to walk away and the suspected buyer attempted to swallow a small bag containing white powder; and (3) the defendant ran into the residence when ordered by police to stop). As the detectives had a lawful basis to arrest the Defendant without a warrant based on their observations of suspected drug transactions, they could legally search the Defendant incident to that arrest. The $106 that was the fruits of the search incident to the Defendant's arrest was lawfully seized. Accordingly, the Defendant's Omnibus Pre-Trial Motions should be denied.

### III. CONCLUSION

For all of the foregoing reasons, and any others that the Government may seek to supplement this motion with or raise during the hearing on the motion, the Defendant's Omnibus Pre-trial Motions should be denied.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

Date: June 10, 2010             By:           /s/
Christine Celeste
Special Assistant United States Attorney

Served on defense counsel via electronic filing.